**FILED**

Sep 17 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ jenniferv    DEPUTY

Anton Ewing (*pro se*)
3077 Clairemont Drive #372
San Diego, CA 92117
anton@antonewing.com.
(619)719-9640

Plaintiff

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Reliant Credit Repair, LLC, a New Jersey Limited Liability company, <br><br><br> Defendant. | Civil Case No.:  **'19 CV 1788 AJB  RBB** <br><br> **COMPLAINT** <br><br><br> **TCPA 47 USC §227(b)(1)(A)** <br><br> **TCPA 47 USC §227(c)(5)** <br><br> **CA Penal Code §637.2 and §632.7** <br><br><br> **Jury trial requested** |

Plaintiff Anton Ewing ("Plaintiff"), complains against Defendant Reliant

Credit Repair, LLC, ("Reliant Credit Repair") a New Jersey limited liability

company, and alleges as follows:

## I.    INTRODUCTION

1.      Defendant Reliant Credit Repair, LLC is a New Jersey limited liability company formed on or about September 10, 2015 as entity number 0450016556.

2.      Defendant Reliant Credit Repair, LLC used a "vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff credit repair services.

3.      Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5) and PC §§632.7 and 637.2.

4.      Defendant Reliant Credit Repair is located 59 Main Street, Suite 339, in West Orange, New Jersey.

5.      Federal Rule of Civil Procedure 8(b)(2) requires a denial in the Answer to this Complaint to be fairly responded to and not merely a blanket denial without explanation.

6.      Defendant owns and uses www.reliantcreditrepair.com which can be viewed in California.

7.      Adam Mhrez is an officer of Defendant.

8.      Adam Mhrez is an owner of Defendant.

9.      Adam Mhrez called Plaintiff from 973-500-6860 to 619-719-9640 and spoke to Anton Ewing.

10.     Reliant Credit Repair does not have a California Finance Lender license or a credit repair company license (aka credit services organization) in California.  See California Civil Code section 1789.25.

11.    Defendant has failed to obtain a bond as required of all credit service organizations in California.

12.    Reliant Credit Repair has never filed a California state tax return.

13.    Reliant Credit Repair has been sued for TCPA violations in the past.

14.    Reliant Credit Repair is illegally doing business in California.

15.    Reliant Credit Repair has failed to register as a telemarketer in California with the California Department of Justice.

16.    Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

17.    Reliant Credit Repair exerts control over their third party telemarketing lead source.

18.    Reliant Credit Repair requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Reliant Credit Repair employees.

19.    Reliant Credit Repair began harassing Plaintiff on or about December 18, 2017.   Then Defendant called again and again.

20.    Defendant hired Tawana Williams to call Plaintiff from 347-274-8840 at 7:39 AM on December 18, 2017 to illegally sell Plaintiff bogus credit repair services.   There were many calls prior to these because Tawana Williams already

knew Plaintiff's name[1] and email address.

21.     Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

22.     Defendant Reliant Credit Repair also called Plaintiff from 973-658-6492 on December 19, 2017.  Plaintiff did not consent to nor give permission for this subsequent call made by Defendant to Plaintiff.

23.     Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).  The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant Reliant Credit Repair.  It is a disgusting business and Plaintiff is going to put a stop to it.  To be clear, Plaintiff never gave consent to be called at any time.

24.     Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

25.     The volume of illegal telemarketing calls in this country is skyrocketing. Something must be done.  Plaintiff is doing something about it.

---

[1] Plaintiff uses a fake name of Tony Stark which is otherwise known as Iron Man and uses a junk email address on gmail for telemarketers and this way Plaintiff knows that there must have been a prior call.

26.     The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

27.     Judge Kenney was referring to the TCPA when he made this above statement on the record.

28.     Defendant directly called Plaintiff on his DNC registered cell phone in violation of the TCPA.

29.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Reliant Credit Repair, LLC.

30.     Reliant Credit Repair, LLC has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Reliant Credit Repair, LLC, to change their ways.  To be clear, Plaintiff is suing Reliant Credit Repair for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed called to Plaintiff cell phone.

## II. PARTIES

31.     Plaintiff Anton Ewing is a citizen of California who resides in California, in this District.

32.     Defendant Reliant Credit Repair, LLC, with its headquarters in New Jersey, a satellite office in Florida, and is not registered in but is doing business in California.

33.     Tawana Williams is a telemarketing agent of Reliant Credit Repair. Tawana Williams is an employee of Reliant Credit Repair.

34.     Tawana Williams called Plaintiff.

### III. JURISDICTION AND VENUE

35.     This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

36.     This Court has personal jurisdiction over Reliant Credit Repair, LLC because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, RELIANT CREDIT REPAIR, LLC made illegal telemarketing robocalls to Mr. Ewing, while he was in California.   Reliant Credit Repair, LLC has also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.  It is a crime to violate 47 USC §501 by violating 47 USC §227(b).  Reliant Credit Repair, LLC through their dba's and agents, initiated the primary telemarketing

calls to Plaintiff and then sold, transferred and provided the lead to Reliant Credit Repair, LLC marketers and others within the organization in a knowingly illegal manner.

37.     Plaintiff was called on cell phone of 619-719-9640 by Reliant Credit Repair, LLC.  Plaintiff was called multiple times beginning on or about October 2017, from a number owned, used and controlled by Reliant Credit Repair, LLC and its agents, with a prerecorded message which then transferred to a live human.  The initial part of the call was a pre-recorded message.  After many personal questions were asked and answered, the call was transferred to another Reliant Credit Repair, LLC person who repeated the same questions.   Defendant's employee asked if Plaintiff was interested in credit repair services.

38.     Reliant Credit Repair did not have consent or permission to call Plaintiff.

39.     Defendant illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendant owes Plaintiff $5,000 for each and every illegally recorded call.

40.     Defendant never at any time during said telemarketing calls ever inform, instruct or warn Plaintiff that the call was being recorded.

41.     Plaintiff provided Defendant with personal and confidential information during the calls like his name, email, date of birth, address, income, and credit score.

42.     Plaintiff has expressly stated exactly what phone number Defendant used to call Plaintiff, as well as an exact date of one of the calls, to which number the calls were made, what was said on the call and that the call was made with an ATDS and prerecorded message.  All of this meets the particularity requirements for a cause of action.

43.     Plaintiff's phone number is not a business phone.

44.     Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

45.     Defendant purposefully and knowingly availed itself of the benefits and protections of California by directing its activities into California by calling area code 619.

## IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

46.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

47.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

48.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

49.     Plaintiff Ewing alleges that Defendant Reliant Credit Repair, LLC placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Ewing within a period of time from October 2017 to September 17, 2019 and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim.  There was a long delay when the calls connected every time and Plaintiff heard a bubble popping sound right before the prerecorded message started.

## V. STANDING

50.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

(7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

51.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    A. A valid injury in fact;

    B. which is traceable to the conduct of Defendant;

    C. and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

52.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on his cellular phone at least six times by Defendant.  In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing on the very first call.  Such calls are

a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Reliant Credit Repair, LLC.   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

53.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by

Defendant directly, or by Defendant's agent at the express direction and control of Defendant.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

54.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

55.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting

*Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

56.    Here, Plaintiff alleges that Defendant Reliant Credit Repair, LLC contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, each

of the calls are available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they advertise Defendant Reliant Credit Repair's services. Third, Plaintiff declares that he has never heard of Defendant Reliant Credit Repair, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone numbers to said Defendant or consented to receive calls from Defendant.  Plaintiff also has had no prior business relationship with Defendant.  Plaintiff had no reason to be in contact with Defendant Reliant Credit Repair nor has he ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages. Plaintiff's FICO score of 810 and therefore could not possibly purchase credit repair services from Defendant.

57.    In Plaintiff's case, the allegations establish that he did not give prior express consent.  He declared that he was "the regular user and subscriber to the cellular telephone number at issue."  He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]."  As in *Charkchyan*, these allegations are sufficient to support

Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages.

## VI. FACTUAL ALLEGATIONS

### A. Reliant Credit Repair, LLC

58.    One of Reliant Credit Repair, LLC's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

59.    Reliant Credit Repair, LLC uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

### B. Plaintiff

60.    Plaintiff Anton Ewing is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

### C. Telephone numbers 619-719-9640

61.    A phone number beginning 619-719-9640 is registered to Mr. Ewing.

62.    619-719-9640 is on the National Do Not Call Registry.

63.    Mr. Ewing answers calls made to 619-719-9640.

64.    Mr. Ewing pays the phone bills for 619-719-9640.

## VII. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

65.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     The foregoing acts and omissions of Reliant Credit Repair, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone number of Plaintiff without prior express written consent.

67.     The defendant in this matter is vicariously liable for the acts and actions of the lead source under the *Gomez* case from the US Supreme Court handed down on January 20, 2016.  Discovery will reveal the name of the lead agent.  Reliant Credit Repair controlled the lead agent and had actual knowledge of the TCPA violations. The three other TCPA lawsuits are evidence of this knowing and willful conduct.

68.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

69.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

70.     Plaintiff also seeks a permanent injunction prohibiting Reliant Credit Repair, LLC and its affiliates and agents from making non-emergency telemarketing

robocalls to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Telephones, 47 U.S.C. § 227(b)(1)(B))

71.   Mr. Ewing realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

72.   The foregoing acts and omissions of Reliant Credit Repair, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the personal telephone 619-719-9640 number of Mr. Ewing without prior express written consent.

73.   Mr. Ewing is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

74.   Mr. Ewing is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

75.   Mr. Ewing also seeks a permanent injunction prohibiting Reliant Credit Repair, LLC, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

## IX. THIRD CLAIM FOR RELIEF

**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

76.     Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

77.     The foregoing acts and omissions of Reliant Credit Repair, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

78.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

79.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

80.     Plaintiff also seeks a permanent injunction prohibiting Reliant Credit Repair, LLC and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

81.     The final claim for relief is for violation of CIPA, PC §632.7 and §637.2, for recording each call without warning, informing or advising Plaintiff that said call was being recorded and each such violation entitles Plaintiff to $5,000 per call.

# X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against all Defendant as follows:

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Reliant Credit Repair, LLC violate the TCPA;

C. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2);

D. $500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;

E. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

F. For an injunction prohibiting all Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing;

G. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

H. $1,500 for each violation of 47 CFR §64.1601(3)  caller ID spoofing;

I. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

J. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

K. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

L. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

M. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry;

N. An order piercing the vial of Reliant Credit Repair, and

O. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated:  September 17, 2019

Anton Ewing,
Plaintiff