UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                                   Plaintiff,<br><br>v.<br><br>RELIANT CREDIT REPAIR, LLC,<br>                                   Defendant. | Case No.:  19-cv-01788-AJB-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT, (Doc. No. 9); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS, (Doc. No. 12)** |

Plaintiff Anton Ewing ("Ewing"), proceeding pro se, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), alleging that Defendant Reliant Credit Repair, LLC ("Defendant") called Ewing, without his consent, using an automatic telephone dialing system. (Complaint, Doc. No. 1 ¶ 30.) Presently pending before the Court are (1) Defendant's motion to set aside entry of default, (Doc. No. 9); and (2) Ewing's motion for sanctions against defense counsel, (Doc. No. 12). For the reasons stated below, the Court **GRANTS** Defendant's motion to set aside default judgment, and **DENIES** Ewing's motion for sanctions.

//

//

1

## I.     DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

The Court first considers Defendant's motion to set aside default. (Doc. No. 9.) Entry of default may be set aside for good cause. *See* Fed. R. Civ. Pro. 55(c). The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *See Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The defaulting party bears the burden of showing the default should be set aside. *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A court's discretion to set aside a default is "especially broad" where, as here, an entry of default, as opposed to a default judgment, is being set aside. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The Court concludes good cause exists to set aside entry of default. First and importantly, the Court finds no evidence of bad faith or culpable conduct in Defendant's failure to respond to the Complaint. Adam Mherz, CEO for Defendant, adequately explains he was aware that Plaintiff had filed a Complaint in this Court but, at that time a pro se litigant, erroneously believed that Ewing never properly served the Summons and Complaint on the company because the Summons and Complaint were not served at the company's business address. (Declaration of Adam Mherz ¶ 7, 8, 11.) Therefore, the circumstances leading to the default do not show bad faith, but rather, mistake and inadvertence at best. Thus, this factor does not weigh in favor of the extreme measure of judgment by default.

Second, the Court favors a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (holding default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible"). Defendant asserts it will provide a defense in this litigation, and denies that it, or any agents acting on

2

its behalf, called Ewing without his consent using autodialed and prerecorded calls in violation of the TCPA. With this assertion, the Court will be able to evaluate the merits of Plaintiff's case against Defendant's defense, and decide the case on the merits.

Lastly, the Court finds no prejudice to Plaintiff in permitting this case to proceed forward. Specifically, Defendant promptly filed its motion to set aside default once it discovered default was entered, this case is still in the early stages of litigation, and no substantive activity has occurred in the matter. *Contra PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (noting this factor weighs in favor of default if the plaintiff "will likely be without other recourse for recovery" without a default judgment).

In light of the foregoing, the factors weigh in favor of setting aside the entry of default against Defendant. The Court thus **GRANTS** Defendant's motion to set aside entry of default. (Doc. No. 9.) Defendant must answer or otherwise respond to Ewing's Complaint on or before **October 16, 2020**.

## II. EWING'S MOTION FOR SANCTIONS

Next, the Court will turn to Ewing's motion for sanctions against Defendant's counsel. (Doc. No. 12.) Ewing argues sanctions are warranted because counsel for Defendant made "derogatory remarks about Plaintiff in direct violation of Local Rule 83.4" in Defendant's *ex parte* motion to set aside default. (*Id.* at 3–4.) Among other things, Ewing takes issue with the verbiage used in the motion to set aside default. (*Id.*) Ewing argues defense counsel mischaracterizes Ewing's correspondence, offers unnecessary information in the motion, and improperly accuses Ewing of illegally recording telephone calls. (*Id.* at 6.) Ewing explains that defense counsel "remove[d] the greater majority of her slanderous statements and defamatory remarks" by filing an amended motion, but "damage is still done." (*Id.* at 3–4.)

Courts have inherently broad authority to impose penalties and sanctions for a party's failure to comply with the rules of conduct governing the litigation process. Through the district court's inherent powers, monetary sanctions in the form of attorney's

fees may be imposed against a party who acts in bad faith, such as disrupting the litigation process or failing to abide by a court order. *See Leon v. IDX Systems Corp.*, 464 F. 3d 951, 961 (9th Cir. 2006); *see also Rodeway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). Before a court may award sanctions under its inherent powers, "the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs.*, 115 F.3d at 649 (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). "'Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1180–81 (9th Cir. 2019) (quoting *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008)).

Upon close review of the parties' filings in connection with this motion, the Court does not find sanctionable conduct by defense counsel. First, while defense counsel and Ewing are reminded to exclude extraneous language in filings which are irrelevant to the issues at hand, defense counsel's conduct does not demonstrate the requisite level of bad faith necessary for the imposition of sanctions. To the contrary, defense counsel's conduct demonstrates a good faith effort to meet and confer with Ewing to address his objections without involving the Court. (Declaration of Amanda Benedict, Ex. C, at 10–11.) These efforts culminated in Defendant withdrawing its original motion, and promptly refiling a motion with modified language as a compromise with Ewing. (*Id.*; Doc. Nos. 6, 9.) The parties may disagree as to language in the motion, but the Court does not find that this conduct is sanctionable.

Second, defense counsel's allegation that Ewing illegally recorded telephone calls also does not provide a basis to impose sanctions. Defense counsel's assertion that Ewing illegally recorded telephone calls that Ewing made or received to Defendant was not in bad

4

faith, but rather to establish a defense in response to Ewing's own allegation that Defendant illegally recorded telemarketing calls with Ewing in violation of California Penal Code sections 632.7 and 637.2. (Doc. No. 9 at 9.) The mounting of this defense was not inappropriate as it was essentially an attempt to establish a counterclaim and satisfy an element to set aside entry of default. *See Franchise Holding II, LLC*, 375 F.3d at 926 (stating that to set aside default, the Court may look at whether defendant has a meritorious defense).

As stated in this Court's Civil Local Rules, "[i]n seeking justice through the courts, attorneys and parties subject themselves to an inherently adversarial system. Although adversarial, the experience does not have to, and should not, be antagonistic or hostile. Civility is paramount and not to be confused with weakness. Civility in action and words is fundamental to the effective and efficient functioning of our system of justice and public confidence in that system." S.D. Cal. Civil Local Rule 2.1. The Court finds no sanctionable conduct today, but the Court emphasizes the importance of courtesy and civility in litigation conduct.

## III.   CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's motion to set aside default. (Doc. No. 9.) Defendant must answer or otherwise respond to Ewing's Complaint on or before **October 16, 2020**. Additionally, the Court **DENIES** Ewing's motion for sanctions. (Doc. No. 12.)

**IT IS SO ORDERED.**

Dated:  September 17, 2020

Hon. Anthony J. Battaglia
United States District Judge